UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD FIRSHEIN and THE FIRSHEIN CENTER,<br><br>            Plaintiff,<br><br>      v.<br><br>UNITEDHEALTH GROUP, INC. d.b.a. UNITEDHEALTHCARE and BANK OF AMERICA CORP. | :<br>:<br>:<br>:<br>:<br>:  Civil Action No.  1:19-cv-00778<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS OF DEFENDANT UNITEDHEALTH GROUP, INC. D.B.A.**
**UNITEDHEALTHCARE**

4503415v.1

4520778v.1

Defendant UnitedHealth Group, Inc. d.b.a. UnitedHealthcare ("UHC") hereby submits this Memorandum of Law in support of its Motion to Dismiss the claims asserted against it pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

## I.     INTRODUCTION

Plaintiff's Second Amended Complaint must be dismissed in its entirety because – like the two complaints that came before – none of Plaintiff's causes of action state a claim against UHC. In fact, Plaintiff now brings in a new party to this action because Plaintiff's claims so obviously fail as to UHC.

In his Second Amended Complaint, Plaintiff purports to assert two separate causes of action for breach of contract, a cause of action for ratification, breach of warranty and conversion, but completely fails to plead – even in the most cursory manner – the fundamental elements of these claims. Despite having <u>three</u> opportunities to present to the Court the basic elements for these claims, Plaintiff once again fails to identify the alleged contract that UHC is alleged to have breached or ratified and fails to plead that UHC breached any specific provision of any agreement with the Plaintiff. The reason for this omission is clear – UHC breached no contract or duty to Plaintiff. Indeed, it is undisputed that UHC issued all necessary payments to Plaintiff on time in the manner requested by Plaintiff.

This legal action exists only because one of Plaintiff's employees stole these payments from UHC and pocketed the funds illegally. Instead of seeking restitution from this employee, Plaintiff has invented half-baked causes of action against UHC – and now Bank of America – to recover the damages caused by this former employee. Such a theory is completely contrary to the law in New York, and Plaintiff's claims against UHC must be dismissed, once and for all.

II.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff commenced this action by filing a summons and complaint with this Court on January 28, 2019. (*See* Comp.)  Pursuant to this Court's rules, UHC filed a letter on March 12, 2019 requesting a pre-motion conference seeking the Court's permission to file a motion to dismiss.  Plaintiff's original Complaint stated only two causes of action – both arising from an alleged breach of contract theory – despite the fact that Plaintiff could identify no contract or agreement between the parties which UHC allegedly breached.  The Court held a pre-motion conference on July 16, 2019 and directed Plaintiff to file its Amended Complaint by July 30, 2019.  Plaintiff filed its Amended Complaint on July 29, 2019.  UHC thereafter moved to dismiss the Amended Complaint by Motion dated August 19, 2019.  In response to this fully briefed Motion, the Court directed the parties to engage in limited discovery and once again permitted Plaintiff to amend the Complaint.  Plaintiff filed its Second Amended Complaint on March 13, 2020.  *See* Exhibit A.

According to Plaintiff's Second Amended Complaint, Plaintiff provided medical services to his patients, many of whom were insured by UHC through Oxford.  *See* Ex A. ¶ 6.  Significantly, Plaintiff admits UHC issued checks to Plaintiff's medical practice for these medical services, as required.  *See id.* ¶ 10.  Plaintiff alleges, however, that he never received the funds from these checks because one of his own former employees intercepted these checks and illegally negotiated them for her personal gain.  *See id.* ¶ 11.  Plaintiff still does not, and cannot, allege that UHC had any control over this former employee or her illegal acts.  In this Second Amended Complaint, Plaintiff similarly fails to identify what specific action (or inaction) UHC took to give rise to these

claims. UHC has in two earlier pleadings pointed out these glaring – and dispositive – omissions. On his third try, Plaintiff still has not remedied these fundamental issues.

Because Plaintiff is unable to sustain any cause of action as to UHC, Plaintiff added a new party to this action, Bank of America, Corp. ("BOA"). In fact, the majority of the newly asserted causes of action are not even pled as to UHC because Plaintiff simply does not have a theory to seek recovery from UHC.

What Plaintiff's Second Amended Complaint did not allege is even more telling. Plaintiff never once alleges that he has any contract or agreement with UHC for UHC to provide payment to Plaintiff for any medical services. *See generally* Ex. A. Moreover, Plaintiff never alleges that UHC owed a legal duty to Plaintiff. Additionally, the Complaint never alleges that UHC failed to issue any payment for services provided because these checks were issued by UHC before being illegally intercepted by his own former employee once they were properly issued and mailed by UHC. *See id.* ¶ 11.

Evidently seeking to overcome this legal and factual hurdle, Plaintiff alleges in the Second Amended Complaint that UHC must reissue all of the checks that Plaintiff's own employee stole to the harm and detriment of UHC. This argument, however, is completely misguided and must be dismissed outright with prejudice.

### III.   ARGUMENT

#### A.   Legal Standard for a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atlantic Corp. v. Twombly,* 550

3

U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The court will affirm a Rule 12(b)(6) dismissal "only if the plaintiff fails to provide factual allegations sufficient to raise a right to relief above the speculative level." *Id.*  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S., at 555, 127 S.Ct. 1955.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

> **B.   Plaintiff's Causes of Action for Breach of Contract Should Be Dismissed Because Plaintiff Fails to Plead the Critical Elements to Such a Claim**

This Court must dismiss both of Plaintiff's causes of action for breach of contract because Plaintiff seeks to hold UHC liable for damages it did not cause and because there exists no contract between the parties.

> i.   *New York Law Requires a Plaintiff to Plead Four Critical Elements to State a Claim for Breach of Contract*

Under New York law, there are four elements to a breach of contract claim: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996).  To plead these elements a plaintiff must, obviously, "identify what provisions of the contract were breached as a result of the acts at issue." *Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001) (dismissing breach of contract claim because plaintiffs failed to identify the contractual provisions that defendant breached).  Moreover, "[s]tating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." *Berman v. Sugo L.L.C.*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) (citing *Posner v. Minn. Mining & Mfg. Co.*, 713 F. Supp. 562, 563–64 (E.D.N.Y. 1989)).  In determining a party's obligations under a

contract, "the initial interpretation of a contract is a matter of law for the court to decide." *K. Bell & Assocs., Inc. v. Lloyd's Underwriters*, 97 F.3d 632, 637 (2d Cir. 1996) (citation omitted).

  ii. <u>*Plaintiff's First Cause of Action Must Be Dismissed Because Plaintiff's Complaint Does Not Identify a Contract Between the Parties or UHC's Breach*</u>

Plaintiff's First Cause of Action for breach of contract fails to state a cause of action for the simple and obvious reason that Plaintiff fails to plead any of the requisite elements for such a claim. In fact, he has not even tried to do so.

<u>First</u> and foremost, despite having the opportunity to amend the Complaint twice, Plaintiff completely fails to identify *any* agreement or contract between Plaintiff and UHC that would require UHC to take specific action as to Plaintiff. This failure to identify any contract or contractual provision that UHC breached is, of itself, fatal to Plaintiff's claim and warrants dismissal. *See Wolff*, 171 F. Supp. 2d at 358 (granting defendant's motion to dismiss for plaintiff's failure to "provide [defendant] notice of the contractual provision allegedly breached, or the nature of the breach."). In light of the fact that Plaintiff has had two opportunities to amend his Complaint to remedy this obvious failure, it is clear that he is unable to do so. Dismissal with prejudice is, therefore, appropriate.

<u>Second</u>, Plaintiff fails once again to plead any breach of contract by UHC. Plaintiff identifies no contractual requirement for UHC to issue payment, no provision that requires UHC to re-issue properly issued payments, and no provision that requires UHC to confirm that Plaintiff's own employees are properly negotiating the payments. The Complaint instead clearly establishes that UHC issued the checks in question to Plaintiff in the manner requested by Plaintiff. In fact, it was only <u>after</u> UHC properly issued the checks that Plaintiff's own employee intercepted the

5

checks and illegally negotiated them for her own purposes.  *See* Pl.'s Comp. ¶ 11.  Plaintiff does not and cannot identify any contractual provision breached by UHC.  Plaintiff's utter failure to plead any action or omission of UHC constituting a breach of contract warrants the dismissal of the Complaint.  *Berman*, 580 F. Supp. 2d at 202 (the court dismissed defendant's counterclaims which failed to plead "any factual allegations supporting the existence of an enforceable agreement.")

Third, Plaintiff fails to allege adequate performance on his part under the alleged agreement because his own agent intercepted payments from UHC.  Here, Plaintiff's Complaint makes clear that it was Plaintiff's "former employee [who] had been intercepting the insurance payments."  *See* Pl.'s Comp. ¶ 11.  Indeed, it was an *agent of Plaintiff* that failed to perform under any alleged agreement, not UHC.  Thus, Plaintiff cannot allege that he or his office properly complied with any agreement with UHC.  This pleading failure is fatal to Plaintiff's Complaint, which must be dismissed in its entirety.  *See Segui*, 91 F.3d at 348.

The only element which Plaintiff does plead is the fourth element, his alleged damages.  These damages, however, were caused not by UHC but by the individual selected by Plaintiff to be his employee.  This case is strikingly similar to *Hutzler v. Hertz*, 39 N.Y.2d 209, 214-15 (N.Y. 1976), which involved a creditor whose dishonest employee fraudulently endorsed the creditor's name on checks made by a third-party drawer.  In *Hutzler*, the New York Court of Appeals held that "as between the creditor and the drawer of the check, the party who should be required to bear the loss under such circumstances is the *creditor*.  It is the creditor, after all, who *selected a dishonest person to represent him*, and he, not the drawer, should bear the risk of his unauthorized acts, having placed him in a position to perpetrate the wrong."  *See Hurtzler*, 39 N.Y.2d at 214-15

6

(emphasis added). The court concluded: "we would hold that a person whose name is forged on an instrument by his agent is, by his unwise selection of this agent, estopped or 'precluded from denying' the unauthorized signature," and barred from any recovery against the drawer. *Id.* Thus, Plaintiff's allegations in the Complaint could <u>never</u> amount to a breach of any obligation on the part of UHC – because UHC did all it was required to do. *Id.* As in *Hutzler*, any losses suffered by Plaintiff should be borne by Plaintiff himself, as he selected the employee responsible for stealing the checks in question.

All of this adds up to one inevitable conclusion – Plaintiff cannot sustain a cause of action against UHC for breach of contract simply because he has suffered damages at the hands of his employee. The other three elements must be pled as well. Plaintiff has utterly failed to plead the remaining elements for a breach of contract action under New York law, and his First Cause of Action must be dismissed.

      iii.    *<u>Plaintiff's Second Cause of Action Must Be Dismissed for his Failure To Identify any Contract of Which He Is an Intended Beneficiary</u>*

Plaintiff's Second Cause of Action again seeks to create some contractual obligation on the part of UHC where there is none, on the basis that Plaintiff was purportedly the intended third-party beneficiary of a contract between UHC and UHC's insured patients. However, because Plaintiff still fails to identify the basic elements to a breach of contract claim, this Cause of Action must likewise be dismissed.

Plaintiff's argument fails, most obviously, because there is no indicia that he was an intended beneficiary of the agreement between UHC and Plaintiff's patients insured with UHC. Under New York law, it is well-settled that a non-party may sue for breach of contract only if he

7

is an intended, and not a mere incidental, beneficiary of the contract. *Alicea v. City of New York*, 145 A.D.2d 315, 317 (1st Dept 1988). Even if a third party is an intended beneficiary, if not mentioned as a party to the contract, the parties' intent to benefit the third party must be apparent from the face of the contract. *Strauss v. Belle Realty Co.*, 98 A.D.2d 424, 426–427 (2d Dept, 1983). Absent clear contractual language evidencing such intent, New York courts have demonstrated a reluctance to interpret circumstances to construe such an intent. *Fourth Ocean Putnam v. Interstate Wrecking*, 66 N.Y.2d 38, 45 (N.Y. 1985). Here, Plaintiff fails to identify which contract he is an intended third party beneficiary, and fails to meet the burden to plead such a claim.

Even if Plaintiff was a third-party beneficiary of an agreement between UHC and Plaintiff's patients, his Complaint still fails because he - once again – neglected to properly plead elements essential to a breach of contract claim, including the existence and contract terms allegedly breached. *See Burns Jackson Miller Summit &Spitzer v Lindner*, 59 N.Y.2d 314 (N.Y. 1983) (holding that "[a] third party may be the beneficiary of a public as well as a private contract .... He may recover, however, only by establishing (1) the existence of a valid and binding contract between other parties.") Plaintiff has not identified the contract, has not identified the contractual provision(s) UHC allegedly breached and has not identified any act or omission that he contends is a breach. Like Count One, Count Two acknowledges that UHC fully performed its obligations under any alleged agreement but fails to identify that UHC and Plaintiff's patients intended Plaintiff benefit from any agreement. Plaintiff fails to plead any of the other basic elements of a breach of contract claim, except his alleged damages, and for that reason this claim likewise fails.

Plaintiff's failure to plead any of the elements of a breach of contract claim, except damages (not caused by UHC), warrants the dismissal of the Second Cause of Action with prejudice.

8

### C. Plaintiff Fails to Plead Any Duty Owed By UHC to Plaintiff and Therefore His Count for Negligence Fails as a Matter of Law

Plaintiff's cause of action for negligence fails as to UHC because the duty alleged by Plaintiff – a duty by banking depositors to inspect their banking statements – is not owed by UHC to Plaintiff. As Plaintiff has failed to plead a duty owed to him by UHC, Plaintiff's negligence claim fails as a matter of law and must be dismissed.

The elements of a negligence claim under New York law are: "(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." *Lombard v. Booz–Allen & Hamilton, Inc.,* 280 F.3d 209, 215 (2d Cir.2002) (citing *Merino v. New York City Transit Auth.,* 218 A.D.2d 451, 639 N.Y.S.2d 784 (1st Dep't 1996)). If the defendant owes no duty to the plaintiff, the action must fail. *Pasternack v. Lab. Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir. 2015).

Here, Plaintiff's negligence claims fails for that very reason – Plaintiff has been unable to plead a duty owed by UHC to Plaintiff. Instead, Plaintiff premises his negligence claim upon UCC 4-406(c), which relates to the duty of a banking customer (here, UHC) to notify its bank (here, Bank of America) if it noticed an unauthorized payment on its bank statement. *See* UCC 4-406(c). Plaintiff cites to this section of the UCC in the hopes that this Court finds that UHC should have reviewed each check at issue for the purpose of confirming it was properly endorsed.

This is a foolish position, on several levels. First (and most obviously), the duty cited by Plaintiff does not extend to Plaintiff in any manner. In fact, it appears that Plaintiff recognizes this significant limitation in that Plaintiff in his Complaint does not even attempt to plead how UHC's

9

alleged duty under UCC 4-406(c) would ever, or could ever, extend to Plaintiff. Plaintiff's negligence claim as to UHC must be dismissed accordingly.

Second, even if this duty did somehow extend to Plaintiff, which it does not, UHC nevertheless would never have been able to discover the theft under the circumstances at issue. In the Complaint, Plaintiff alleges that UHC had a duty to review each cancelled check to ensure that the check was properly negotiated. *See* Comp. ¶ 44. This is ludicrous. No duty exists for UHC to verify every check in this manner. Indeed, the <u>only</u> individual or entity who had the ability to determine whether the checks at issue were properly endorsed and deposited was Plaintiff himself. This is especially clear in that Plaintiff's <u>own</u> <u>signature</u> – and not the signature of some unauthorized third-party – appears on each of the checks at issue. (See Exhibit A to Comp.) All of this adds up to one conclusion – Plaintiff failed for over two years to monitor the actions of his own employee, who he admits stole each and every check at issue. Plaintiff should not be able to pass the blame now to UHC.

Based on Plaintiff's failure to plead any duty owed by UHC to the Plaintiff, Plaintiff can simply not sustain its cause of action for negligence as to UHC. Therefore, Count Five must be dismissed in its entirety.

D. **Plaintiff Fails to Plead a Cause of Action for Ratification**

Also in Count V, Plaintiff argues that UHC somehow ratified an unidentified contract between the parties by reissuing certain checks to Plaintiff. *See* Comp. ¶ 17. This argument, like the ones that came before it, fails as a matter of law because Plaintiff never identifies what agreement or contract was even ratified.

4503415v.1
4520778v.1

Under New York law, "[r]atification results when a party to a voidable contract *accepts benefits flowing from the contract*, or remains silent, or acquiesces in contract for any considerable length of time after he has opportunity to annul or void the contract." *Prudential Ins. Co. of Am. v. BMC Indus., Inc.*, 630 F.Supp. 1298, 1302 (S.D.N.Y. 1986) citing *Smith v. Jones*, 76 Misc.2d 656, 351 N.Y.S.2d 802, 807 (N.Y. City Civ. Ct. 1973). A critical element to plead is first there must be the existence of a contract. *Id.* When a party remains silent, or acquiesces by her own acts or words, a party may ratify what would otherwise be a questionable contract. *Surlak v. Surlak*, 95 A.D.2d 37, 466 N.Y.S.2d 461, 469 (N.Y.A.D.2d Dept. 1983). It has been held that a party's acceptance of a benefit under a contract could nullify their ability to rescind the contract because they arguably could have been deemed to have ratified the contract. *Prudential Ins. Co. of Am. v. BMC Indus., Inc.*, 630 F.Supp. 1298, 1302 (S.D.N.Y. 1986).

Here, Plaintiff argues that UHC, in reissuing some of the checks to Plaintiff in good faith, somehow created a new contract by allegedly agreeing to reissue all of the checks. That is simply not the case, and the absence of allegations in support of this conclusion is glaring and dispositive. UHC had no other obligation to Plaintiff other than issuing the first set of checks to Plaintiff. There was not some additional voidable contract created by reissuing some checks to Plaintiff – this was simply done in good faith after Plaintiff notified UHC of the fraud and some of the checks were within the reissue period. Further, it is <u>Plaintiff</u> that received a benefit under the purported contract between the parties – not UHC. UHC instead bestowed a benefit upon Plaintiff in good faith, and with no additional promise to continue bestowing such benefit. Plaintiff's misinterpretation of the law of ratification in New York must be rejected by this Court in order to create liability on the part of UHC. Therefore, Plaintiff's Complaint must be dismissed in its entirety.

4503415v.1
4520778v.1

E. **Plaintiff's Conversion Claim and Breach of Warranty Claim Fail to State a Cause of Action**

Plaintiff's Counts for conversion and breach of warranty are not specifically pled as to UHC – but appear to be specifically pled as to BOA. Nevertheless, each fail to plead a cause of action as to UHC.

i. *Conversion*

Plaintiff never pleads, and is unable to plead, that UHC ever maintained unlawful ownership or control over funds owed to him. For that reason alone, Plaintiff's conversion claim fails as to UHC.

Conversion is the "exercise of unauthorized dominion over the property of another in interference with a plaintiff's legal title or superior right of possession." *Lopresti v. Terwilliger,* 126 F.3d 34, 41 (2d Cir.1997) (citation omitted).

Here, Plaintiff never pleads that UHC converted the funds at issue, nor could he. In fact, he specifically pleads that his own former employee converted the funds for her own personal gain, and the exhibit annexed to the Complaint confirm this. *See* Comp. ¶ 11, *see also* Ex. A. Therefore, Count Five must be dismissed as to UHC.

ii. *Breach of Warranty*

Plaintiff fails to plead, and cannot plead, that UHC ever made any statement amounting to a warranty to Plaintiff. Therefore, Plaintiff's breach of warranty claim must be dismissed.

For breach of express warranty claims to summary dismissal, a plaintiff must plead (i) a material statement amounting to a warranty; (ii) the buyer's reliance on this warranty as a basis for the contract with his immediate seller; (iii) the breach of this warranty; and (iv) injury to the buyer caused by the breach." *Avola v. Louisiana–Pacific Corp.*, 991 F.Supp.2d 381, 391 (E.D.N.Y.2013) (citing *CBS Inc. v. Ziff–Davis Pub. Co.*, 75 N.Y.2d 496, 554 N.Y.S.2d 449, 553 N.E.2d 997, 1000–01 (1990)).

Here, Plaintiff never once pleads that UHC made any material misstatement regarding the checks at issue.  Plaintiff also never pleads he relied upon such statement to his detriment. Accordingly, Plaintiff's Count for breach of warranty fails as a matter of law as to UHC.

### F.   **Plaintiff Should Not Be Permitted To Amend His Complaint a Third Time, Because Doing So Would Be Futile**

Plaintiff must not be permitted to amend the Complaint for a third time because the deficiencies in Plaintiff's Complaint cannot be remedied by an amendment.  Plaintiff has already been afforded two opportunities to amend the Complaint to address the specific issues addressed here and was provided with early discovery in order to do so.  Plaintiff has still failed to plead any cause of action as to UHC. Thus no amendment can save Plaintiff's Complaint and, accordingly, amendment would be futile.  *See Lucente v. International Business Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) citing *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam))("'[w]here it appears that granting leave to amend is unlikely to be productive [due to futility], ... it is not an abuse of discretion to deny leave to amend.'")  Further, a proposed amended complaint that would not withstand a Rule 12(b)(6) motion to dismiss would be considered futile.

*See Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). Accordingly, the Court should dismiss Plaintiff's Complaint with prejudice.

### IV. CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), and grant Defendant such other and further relief to which it is entitled.

Dated: April 13, 2020  
New York, NY

STRADLEY RONON STEVENS &YOUNG, LLP  
A Pennsylvania Limited Liability Company By:

_____  
Jacqueline M. Aiello  
(N.Y. Bar. No. JMM4790)  
100 Park Avenue, Suite 2000  
New York, New York 10017  
Telephone: (212) 812-4124  
Facsimile: (646) 682-7180  
jaiello@stradley.com

*Attorneys for Defendant,*  
*UnitedHealth Group, Inc. d.b.a.*  
*UnitedHealthcare*